IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-05-058ML |
| | : | |
| ROBERT SALISBURY | : | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Comes now, the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and objects to Defendant's Motion For a Downward Departure for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 12th day of December, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection to Defendant's Motion For a Downward Departure, along with its accompanying Memorandum, to the following:

Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-05-058ML |
| | : | |
| ROBERT SALISBURY | : | |

**MEMORANDUM IN SUPPORT OF
GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Defendant has moved for a downward departure from his sentencing guideline range, based upon his claim of diminished capacity, as explained in the report of Dr. Marilyn Price of Butler Hospital. While the government acknowledges that the defendant seems to have some psychiatric problems, the government does not believe they are sufficient to warrant a downward departure.

A. Diminished Capacity

USSG 5K2.13 states that, "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." There are two pertinent exceptions to this section, however. First, whether the significantly reduced mental capacity was caused by the voluntary use of drugs; and (2) if the offense involved actual violence or a serious threat of violence.

B. Psychiatric Opinion

Doctor Price found that the defendant suffered from several psychiatric disorders, including depression, Attention Deficit Disorder and substance dependence, and that this combination significantly impaired his ability to control his behavior. The problem with this opinion is that it includes substance dependence which is specifically barred from consideration under USSG 5K2.13; nor does Doctor Price explain how depression could play a part in the defendant's decision to rob a bank. Attention Deficit Disorder, according to the National Institute of Mental Health website, is a disorder suffered between 3 to 5% of all children in the United States or approximately 2 million children. Very few of this number turn to bank robbery as a result of the disorder.

Finally, while Doctor Price's credentials are impeccable, and the government recognizes her expertise in the field of psychiatry, there is nothing to suggest expertise in the ways to rob a bank. It appears that she determined that the defendant was impaired in controlling his behavior because:

1. He did not plan his actions;
2. He did not have an accomplice;
3. He needed money for drugs and had been using drugs, both of which are prohibited factors for a downward departure;
4. He used a minimal disguise and worked close to the robbed bank; and
5. He simply went back to work after the robbery.

While the government is not suggesting that the defendant is John Dillinger, the government does not believe that defendant's actions were simply impulsive. He knew enough to change his clothes prior to the robbery; he entered the bank with his hat covering as much of his face as possible without arousing suspicion; the fact that there was no accomplice is irrelevant; and his returning to work would help establish an alibi.

C. Crime of Violence

As the Court is well aware, bank robbery is a crime of violence. While there is no evidence that the defendant had a weapon or even claimed to have a weapon, any bank robbery has the potential for violence. Most courts say that the potential for violence is enough. See United States v. Dela-Cruz, 358 F.3d 623, 625 (9th Cir. 2004), and United States v. Cravens, 275 F.3d 637, 641 (7th Cir. 2001) both of which were cited in United States v. Gorsuch, 404 F.3d 543, 547-548 (1st Cir. 2005). In Gorsuch, the First Circuit made no definitive holding but it did advise that it tentatively favored the approach. Gorsuch, 404 F.3d at 548.

Based on the above, the government respectfully submits that Defendant's Motion For a Downward Departure should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 12th day of December, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection to Defendant's Motion For a Downward Departure, along with its accompanying Memorandum, to the following:

Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903